**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**October 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30281
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN B. CORLEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50083

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

John B. Corley appeals the sentence imposed following his post-*Booker* conviction of theft of firearms that were transported in interstate commerce, transporting stolen firearms in interstate commerce, possession of stolen firearms that were transported in interstate commerce, and possession of a firearm by a convicted felon. Corley argues for the first time on appeal that the non-

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines sentence imposed by the district court was unreasonable because the district court based its decision on general dissatisfaction with the Guidelines. He also argues that the Guidelines adequately accounted for his criminal behavior.

The record indicates that the district court correctly calculated the Guidelines range and used the Guidelines as a frame of reference.[**] *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The district court, troubled by Corley's extensive criminal history (29 criminal history points) and the facts of his offenses, articulated reasons that were consistent with 18 U.S.C. § 3553(a) for imposing a non-Guidelines sentence. *See id*. Moreover, given the seriousness of Corley's criminal history and offense conduct as found by the district court, the extent of the deviation was not unreasonable. *See United States v. Smith*, 417 F.3d 483, 491-93 and n.40-42 (5th Cir.), *cert. denied*, 126 S.Ct. 713 (2005).

Corley fails to meet his burden of showing that the district court's non-Guidelines sentence, which was imposed after *United States v. Booker*, 543 U.S. 220 (2005), was error, plain or otherwise. *See United States v. Jones*, 444 F.3d 430, 434-36 (5th Cir.), *cert. denied*, 126 S.Ct. 2958 (2006).

AFFIRMED.

---

[**]It does not reflect any general dissatisfaction with the offense Guidelines.

2